IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-87-FL

| | | |
|---|---|---|
| EUNICE M. STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE # 42, 44). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R to which defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB") on June 19, 2009, alleging a disability onset date of December 15, 2008. Her claim was initially denied and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") on August 17, 2010, at which plaintiff was represented by counsel and a

vocational expert ("VE") appeared and testified. The ALJ issued decision denying plaintiff's request for benefits. On January 10, 2011, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. (See M&R 4-15.) Plaintiff does not object to the same, and as such, the factual history of the case as set forth in the M&R is incorporated by reference herein.

**DISCUSSION**

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for

adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff suffered from various impairments, including fibromyalgia, leukopenia, anemia, connective tissue disease, degenerative disc disease, headaches, and depression. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work involving simple, routine and repetitive tasks and occasional contact with co-workers and the public subject to the following physical limitations: occasionally climbing ramps or stairs, never climbing ladders, ropes, or scaffolds, frequently balancing, stopping, kneeling, crouching, or crawling, frequent bilateral fingering and handling occasional reaching above

the head. The ALJ then determined that plaintiff could not perform her past relevant work, but based on the testimony of a vocational expert ("VE"), jobs exist in significant numbers in the national economy that plaintiff can perform. The ALJ determined that plaintiff was not under a disability at any time through the date of his decision.

B. Analysis

1. Evaluation of Plaintiff's Treating Physician

Plaintiff's first objection is that the magistrate judge erred in determining that the ALJ properly evaluated the opinion of plaintiff's treating physician, Dr. Maria Watson. Plaintiff contends that the magistrate judge applied in the incorrect legal standard, and that in this case, Dr. Watson's opinion was entitled to "controlling" weight. (Pl.'s Obj. 1.) Plaintiff misstates the law of this circuit. The Fourth Circuit has held that a treating physician's opinion in entitled to controlling weight *only* if it is supported by clinical and laboratory diagnostic techniques, *and* if it is not inconsistent with other evidence. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); Garrett v. Astrue, 2012 WL 174655 at *3 (D.S.C. 2012); Ward v. Chater, 924 F.Supp. 53, 55 (W.D.Va. 1996).

Plaintiff next states that the magistrate judge violated the Fourth Circuit's holding in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990), by requiring lab tests or clinical findings from Dr. Watson confirming the severity of plaintiff's symptoms. Plaintiff's objection attempts to conflate the magistrate judge's analysis as to two different issues: the weight to be given the treating physician's opinion and the assessment of plaintiff's credibility. Upon careful reading of the M&R, the court finds that the magistrate judge was not imposing a higher standard on plaintiff's credibility, but rather was explaining why Dr. Watson's opinion was not entitled to controlling weight, as plaintiff argues it should be. Based on precedent from this circuit which requires clinical or laboratory tests to give a treating physician's opinion controlling weight (noted above), the magistrate judge found

that such weight was not warranted in this case because of the lack of the required clinical evidence. The magistrate judge was not imposing upon plaintiff a requirement to show objective evidence as to pain intensity, as is prohibited by Hyatt, 899 F.2d at 333-34.

The court finds that the magistrate judge engaged in a well-supported analysis of Dr. Watson's opinion. (See M&R 8-14.) Plaintiff argues that the magistrate judge engaged in "post hoc rationalization" by pointing out specific facts in the record that did not support Dr. Watson's conclusions that plaintiff could work zero hours in a day, yet fails to point to any specific evidence in the record that *would* support Dr. Watson's opinion. Plaintiff's objections as to the weight to be given the treating physician's opinion are overruled.

2. Assessment of Plaintiff's Credibility

Plaintiff again accuses the magistrate judge of engaging in post hoc rationalization for not assigning more significance to the fact that the ALJ did not specifically mention plaintiff's June 2009, hospitalization for anemia. The magistrate judge, however, correctly points out that the ALJ considered plaintiff's history of problems with anemia and specifically cited to the medical evidence subsequent to the 2009 hospitalization that reflected that plaintiff had significantly improved and that her condition was stable. (R. 514, 660.) Plaintiff argues that the ALJ was required to mention the 2009 hospitalization to engage in a meaningful discussion of "important evidence." However, in light of the explicit reference to plaintiff's improvement with anemia in October 2009, and February 2010, plaintiff again fails to show why specific mention of the hospitalization was required.[1]

Plaintiff objects to the magistrate judge's discussion of the ALJ's findings regarding

---

[1] The court also notes that plaintiff cites a Seventh Circuit case, Giles v. Astrue, 483 F.3d 483, 486 (7th Cir. 2007), to argue that the ALJ's failure to mention the June 2009, hospitalization resulted in a failure to conduct a meaningful review considering important evidence. Upon review of the Giles case, it appears that the ALJ in that case merely recited some portions of the claimant's testimony but did not make findings regarding the claimant's credibility. 483 F.3d at 488-89. The court finds the presents case distinguishable in that here, the ALJ conducted a detailed assessment of plaintiff's credibility, citing specific evidence from the record to support his findings. (R. 19-21.)

plaintiff's credibility as to the pain she experiences from connective tissue disease and degenerative disc disease. First, plaintiff argues that the magistrate judge's analysis did nothing to resolve what plaintiff contends is a glaring inconsistency in the ALJ's analysis - finding on one hand that plaintiff has the severe impairment of connective tissue disease (R. 17), and finding on the other hand that plaintiff's limitations due to pain from connective tissue disease were not as severe as alleged. (R. 20.) The court disagrees. The magistrate judge evaluated the ALJ's finding of tissue disease in conjunction with the subsequent findings that plaintiff's claims as to the *severity* of the disease were not credible. This evaluation does not defy logic; but rather, shows a careful consideration of the evidence in the record under the appropriate standards at steps two and four.

To the extent finding an impairment of tissue disease and subsequently discounting plaintiff's complaints of the same is inconsistent, the magistrate judge further noted that diagnosis of a condition is not enough to prove disability because there must be a showing of related functional loss. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Plaintiff offers no argument or case law to contest this authority. Without more, where the substantial evidence in the record supports the ALJ's determination (R. 455-56, 502, 514, 523, 633), the court overrules the objection.

Next, plaintiff suggests that the magistrate judge did not address the ALJ's "seemingly willful blindness" to a March 2010 MRI plaintiff had showing cervical involvement that plaintiff contends shows objective medical evidence supporting the her complaints of pain related to degenerative disc disease. The magistrate judge found that the ALJ's failure to cite to this particular procedure was unremarkable, especially where the ALJ cited to other specific evidence in the record of plaintiff's cervical spine pain, including reports from other physicians acknowledging the March 1, 2010, MRI. (R. 20, 696.) Plaintiff vehemently objects to the magistrate judge's analysis on this point, arguing that the ALJ was required to mention the March 1, 2010, MRI. The court disagrees.

As a preliminary matter, the court finds nothing lacking in the ALJ's analysis or the magistrate judge's conclusions regarding the same. The ALJ cited to specific portions of the record with evidence from different time periods, providing a landscape of evidence for the conclusion that overall, plaintiff's complaints of pain due to degenerative disc disease were not credible. Furthermore, the court notes that plaintiff's memorandum in support of the motion for judgment on the pleadings describes the March 1, 2010, MRI as "show[ing] deformity of the spinal cord due to disc bulging in [plaintiff's] upper spine." (Pl.'s Mem. 13.) Upon review of the records cited by plaintiff for this proposition, the court disagrees that they reveal such dramatic cervical damage as plaintiff suggests. Rather, the MRI results note that the cervical cord is "intrinsically unremarkable in appearance," "no significant central canal or foraminal compromise," and "no disk protrusion evident." (R. 645-46, 677-78.) Thus, aside from the ALJ's failure to specifically cite this MRI in his opinion, the evidence that plaintiff so vehemently contends the ALJ should have included is itself not compelling, especially when considered with the other evidence of record that discounts the level of pain plaintiff described from the disc disease. (R. 629, 632-33, 645, 648, 659.)

Plaintiff next objects to the magistrate judge's analysis of the ALJ's determinations regarding her fibromyalgia. Contrary to what plaintiff suggests, the court finds that the magistrate judge engaged in a careful analysis of plaintiff's fibromyalgia, noting the applicable case law which notes that normal clinical findings are not uncommon in fibromyalgia patients, (M&R 19 n.5), and thus a more exacting analysis is required for a claimant's descriptions of pain. The magistrate judge thereafter engaged in an analysis of the limited evidence plaintiff did offer to argue that the pain from her fibromyalgia causes her functional loss greater than what was found by the ALJ. The magistrate judge appropriately weighed Dr. Watson's opinion, the only concrete evidence plaintiff offered to show that the pain from the fibromyalgia was of a level warranting a finding of disability. As noted

in detail in the M&R, and adopted here, Dr. Watson's opinion was not entitled to controlling weight, and without more, plaintiff's contentions regarding disability as a result of fibromyalgia are insufficient to disturb the ALJ's findings.

Plaintiff offers argument in her objection that while she does not dispute the ALJ's findings regarding her depression, taken in conjunction with her other impairments, her depressive symptoms render her disabled. Ultimately, plaintiff asks the court to re-weigh evidence considered by the ALJ to come to a different conclusion. The court reminds that "[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig, 76 F.3d at 589).

Plaintiff also disputes the ALJ's characterization of plaintiff's involvement with the day care. The court agrees with the magistrate judge that in the face of somewhat conflicting evidence regarding plaintiff's involvement or lack thereof with the daycare, the ultimate determination for *this* court to make is whether the credibility finding was supported by the substantial weight of the evidence, which, as set forth herein, the court finds was so supported.

3. RFC Determination[2]

Plaintiff's final objection is a general objection that the ALJ did not properly calculate plaintiff's RFC because the ALJ considered medical evidence separately and not as a whole in determining whether plaintiff was disabled. Plaintiff does not offer specific citation to the record in support of why the ALJ's RFC determination was incorrect; rather, plaintiff merely states that the RFC determination was wrong.

---

[2] The heading for plaintiff's third objection is the exact same as the heading for the first objection, yet the substance of the third objection criticizes the magistrate judge's evaluation of the ALJ's RFC determination. Where the heading is most likely a typo, it is disregarded.

When a claimant has a number of impairments, some considered not severe, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(b); Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989) (citations omitted) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combine effect of a claimant's impairments."). An ALJ is deemed to have given sufficient consideration of the combined effects of a claimant's impairments when each is separately discussed in the ALJ's decision, including discussion of a claimant's complaints of pain and level of daily activities. Baldwin v. Barnhardt, 444 F.Supp.2d 457, 465 (E.D.N.C. 2005). The forgoing case law, also cited by the magistrate judge, merits citation again to reinforce the relevant standard for determining an RFC, which plaintiff does not contest.

Plaintiff makes the same argument in her objection that she made in her motion for judgment on the pleadings, that the ALJ did not consider the cumulative effects of her impairments. Plaintiff cites dicta from a Seventh Circuit case to argue that the ALJ considered disparate facts with no logical connection between them. See Blakes ex rel. Wolfe v. Barnhardt, 331 F.3d 565, 569 (7th Cir. 2003). Blakes is factually distinguishable where the ALJ in that case made unsubstantiated assumptions about severe speech and language disorders and their connection to mental retardation. Id. Plaintiff offers no other support for the allegation that the ALJ did not consider the combined effect of plaintiff's limitation in evaluating the RFC. The court finds the magistrate judge's analysis on the point reasoned and well supported. As such, this objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the

magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 44), DENIES plaintiff's motion for judgment on the pleadings (DE # 42), and upholds the final decision of the Commissioner. The Clerk is directed to close this case.

SO ORDERED this the 22nd day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge